LONDON & SAN FRANCISCO BANK. Limited, v. SNELL, HEITSHU & WOODARD CO. (MALLINCKRODT CHEMICAL CO., Intervener).

(Circuit Court, D. Oregon.   November 18, 1897.)

No. 2,302.

INSOLVENT DEBTOR—PART PAYMENT FROM COLLATERALS—BASIS OF DISTRIBUTION.

At the suit of a bank, a receiver was appointed for a corporation, and the business continued by him for more than a year, at the bank's request, to enable it to collect accounts which it held to the amount of about 80 per cent. of its claim, it being the principal creditor. It was paid interest on its claim by the receiver, and collected about 70 per cent. of the collaterals, while the newer accounts could only be made to realize about 50 per cent. of their face value. In the final winding up of the business, only enough remained to pay a small per cent. on all claims. *Held,* that the bank's pro rata share should be based on its claim as reduced by what it has received.

Rufus Mallory, for plaintiff.
F. V. Holman, for intervener.
Wallace McCamant, for receiver, F. K. Arnold.

BELLINGER, District Judge.    In the final winding up of the business of Snell, Heitshu & Woodard Company, there remains about $18,000 to be distributed among the creditors.    The largest of these creditors is the London & San Francisco Bank, Limited.    At the date of the commencement of this suit and the appointment of the receiver, the bank's claim was $135,819.53, for which it held, by assignment, as collateral security, book accounts of the face value of $108,183.95.    Up to last May 21st, the bank had received collections from these accounts amounting to $58,509.62, and was paid, by order of the court, as interest, the further sum of $2,086.61.    I am advised by the receiver that the bank has collected on this collateral, since that date, $7,000, and that it will probably collect, in addition to this, a sum sufficient to bring the total proceeds of collections on this account up to $75,000.    The question is presented whether, in the distribution of the money on hand, the bank's pro rata shall be based upon its full claim, without deduction for what has been received from collateral, or upon the claim as so reduced.    The authorities are conflicting, although the weight of authority seems to support the claim

of the bank that dividends are to be apportioned upon the debt as it originally stood. Notwithstanding this, I have concluded that upon the facts of the case the bank's dividend ought to be upon its debt as reduced by payments already made. The receiver was appointed at the bank's suit, and the business was continued for more than a year upon the insistence of the bank that such a course was for the best interests of the estate, with the result that the assets of the insolvent concern were indirectly used to make good the collateral held by the bank. The persons from whom the pledged accounts were owing were customers of the insolvent drug house. Through the credit given them by the receiver, they were enabled to pay the accounts pledged to the bank, so that the bank has realized nearly 70 per cent. of the face value of the accounts held by it, while the new accounts, which, for obvious reasons, ought to have been of much greater value, could only be made to realize 50 per cent. of their face. Enough appears to show that if the affairs of the insolvent concern had been wound up within a reasonable time, without these credits to delinquent customers, the fund for distribution among all the creditors would have been at least twice as great as it now is. It is due to the bank to say that the general creditors and the Snell, Heitshu & Woodard Company were agreed in urging the course that was taken, and some of these creditors have, no doubt, profited by selling goods to the receiver while the business was being continued; but, allowing for this, the fact remains that the bank has profited by the receivership, at the expense of the general fund, to an extent greater than the amount involved in the present dispute. And, besides, this bank has been paid interest on its account during the receivership, to a large amount, although it now appears that it was not entitled to these payments. No objection was made at the time, all parties seeming to be of the opinion that the bank was entitled to this interest.